IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RICK CARNS | § § § | CIVIL ACTION NO. |
| v. | § § § | |
| NATIONAL AMERICAN INSURANCE COMPANY | § § § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES RICK CARNS, hereinafter referred to as Plaintiff, complaining of NATIONAL AMERICAN INSURANCE COMPANY (hereinafter NAICO), Defendant, and for cause of action would respectfully show unto the Court and jury the following, to-wit:

1. Plaintiff is a citizen of Tyler, Smith County, Texas.

2. Defendant, NATIONAL AMERICAN INSURANCE COMPANY, is an Oklahoma Corporation, licensed to do business in the State of Texas, and may be served with process by serving its registered agent for the State of Texas, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

3. This Court possesses jurisdiction in this case pursuant to 28 U.S.C. §1332(c) (1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. Plaintiff is a citizen of the State of Texas. Defendant, NAICO, is not a citizen

of Texas, but is a foreign corporation organized and formed in the State of Oklahoma. NAICO's principal place of business is located at 1010 Manvel Avenue, Chandler, Oklahoma 74834.

4. Venue is proper in this case pursuant to Texas Insurance Code § 1952.110(1), which provides, "an action against an insurer in relation to the coverage provided under this chapter, including an action to enforce that coverage, may be brought only in the county in which: (1) the policyholder or beneficiary instituting the action resided at the time of the accident involving the uninsured or underinsured motor vehicle." Plaintiff is the beneficiary instituting the action and resided in the Tyler Division of the Eastern District of Texas at the time of the accident involving the underinsured motor vehicle.

## STATUTE OF LIMITATIONS

5. Plaintiff alleges this lawsuit has been filed within the time period of the appropriate statute of limitations from the date of the occurrence. In the alternative, Plaintiff alleges the statute of limitations is tolled because this lawsuit has been filed within four (4) years of the date Plaintiff knew or should have known of the existence of a cause of action, or any delay is the result of direct threats or fraud on the part of the Defendant.

## FACTS OF THE CASE

6. Plaintiff would show that on or about August 13, 2021, Plaintiff was driving eastbound on Interstate 20 in Parker County, Texas to his home in Tyler, Smith County, Texas. At the same time Kevin Johnson, an underinsured motorist, was traveling directly behind Plaintiff when he failed to control his speed and struck Plaintiff's vehicle. Plaintiff would show that due to the collision, Plaintiff sustained severe and disabling injuries.

7. At such time, Plaintiff was protected against loss caused by bodily injuries and resulting from the ownership, maintenance or use of an underinsured motor vehicle by an insurance policy issued by Defendant, being policy number MP30810042.

## **NEGLIGENCE OF KEVIN JOHNSON**

8. Plaintiff alleges that Kevin Johnson, an underinsured motorist, through his acts and omissions, was negligent, and such negligence was a proximate cause of the instance and injuries in question. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Kevin Johnson, an underinsured motorist:

    a.    Failing to maintain a proper lookout;

    b.    In failing to make such turning movements of the vehicle in question as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

    c.    In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances;

    d.    In traveling at a faster rate of speed than a person exercising ordinary care and prudence would have traveled under the same or similar circumstances;

    e.    In failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

    f.    In failing to maintain an assured clear distance between Defendant's vehicle and Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

    g.    In failing to maintain a safe distance between Defendant's vehicle and Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

    h.    In failing to watch out for traffic in front of Defendant's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

  i. In failing to move the vehicle appropriately to avoid the accident made the basis of this lawsuit as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

  j. Kevin Johnson was negligent in other respects.

9. Plaintiff alleges that the acts and omissions by Kevin Johnson violated statutory law and regulations and gives rise to negligence per se, which was a proximate cause of the incident and injuries in question in one or more of the following ways:

  a. In violating Texas Transportation Code §545.062(a) which provides, "an operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway," which constituted negligence per se;

  b. In violating Texas Transportation Code §545.351(a), which provides, "an operator may not drive at a speed greater than is reasonable and prudent under the circumstances existing," which constituted negligence per se; and

  c. In violating Texas Transportation Code §545.351(b), which provides, "an operator may not drive a vehicle at a speed that is greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing, and shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care," which constituted negligence per se.

**DECLARATORY JUDGMENT FOR RIGHTS UNDER THE UIM CONTRACT**

10. Plaintiff brings this Declaratory Judgment action under Texas Civil Practice & Remedies Code Ch. 37 Uniform Declaratory Judgments Act to determine Plaintiff's rights under the UM/UIM insurance contract with NATIONAL AMERICAN INSURANCE COMPANY (NAICO).

11. On the day of the collision, Plaintiff was covered by an insurance policy issued by Defendant, NAICO. This policy included uninsured/underinsured motorists' coverage. Plaintiff is a valid "covered person" under this policy. On or about August 13, 2021, Plaintiff was involved in a motor vehicle accident in which the other driver was an underinsured motorist.  As a result of the accident caused by the negligence of a third-party tortfeasor, Plaintiff incurred damages far in excess of the liability insurance of the third-party tortfeasor. Plaintiff is entitled to the benefits purchased by way of the underinsured motorist policy.

12. On December 10, 2021, Plaintiff sent written notice to Defendant, NAICO, that Plaintiff intended to make a claim for underinsured motorist benefits that existed under policy number MP30810042, which provided coverage for this accident. Thereafter, on January 5, 2022, Plaintiff sent a claim for payment of the underinsured motorist policy limits for policy number MP30810042. All conditions precedent have been performed or have occurred as required by Federal Rule of Civil Procedure 9(c).

13. Plaintiff seeks a declaratory judgment from the Court that:

   a. Kevin Johnson was negligent and that said negligence was the proximate cause of Plaintiff's damages;

   b. Plaintiff's damages exceed Kevin Johnson's available insurance coverage; and

   c. The amount of underinsured motorist benefits that Plaintiff is entitled to recover under the subject UM/UIM insurance contract with Defendant, NAICO, after all applicable offsets and credits.

## ATTORNEY'S FEES

14. Plaintiff is entitled and seeks to recover in this case all reasonable and necessary attorney's fees that are equitable and just in this suit for declaratory relief pursuant to the Texas Civil Practice

& Remedies Code section 37.009 under the Uniform Declaratory Judgment Act as well as the Texas Supreme Court opinion issued in *Allstate Insurance Company v. Irwin*, 627 S.W.3d 263 (Tex. 2021).

## DAMAGES

15. Plaintiff's damages include past, and probable future loss, which includes:

    (a) pain and mental anguish;

    (b) loss of earnings and earning capacity;

    (c) physical impairment;

    (d) disfigurement; and

    (e) necessary medical, psychological, psychiatric, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices.

16. Plaintiff alleges that his damages exceed the minimum jurisdictional limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for issuance of service of citation upon Defendant for actual damages, costs of Court, attorney's fees, prejudgment and post-judgment interest, and such other and further relief, general and special, legal and equitable to which Plaintiff may be justly entitled.

Respectfully submitted,

LUKE BICKHAM, P.C.
Two Energy Square
4849 Greenville Avenue
Suite 1350
Dallas, Texas 75206
469-904-8170 Telephone
903-705-6389 Facsimile
luke@lukebickham.com

By: _____
    LUKE BICKHAM
    SBOT: 00787080
    *Attorney in Charge*

ATTORNEY FOR PLAINTIFF